IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE HOLLIDAY, SR., #11521-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 20-cv-00149-JPG |
| SHANNON WOLFF and UNKNOWN OFFICER, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff George Holliday, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at Springfield Medical Center for Federal Prisoners, brings this action pursuant to 28 U.S.C. § 1331[1] for constitutional deprivations that occurred during his transport from court to Randolph County Jail on March 29, 2019. (Doc. 1). Plaintiff sustained a shoulder injury in an automobile accident. (*Id*. at p. 8). He requests unspecified relief from the unknown officer and Sheriff Wolff. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] Plaintiff designated this action as one brought pursuant to 28 U.S.C. § 1331 because the events giving rise to the action allegedly occurred "on federal property." (Doc. 1, p. 7). However, this case is more appropriately brought pursuant to 42 U.S.C. § 1983 because he seeks relief against two *state actors* for constitutional deprivations that occurred during his transport to/from Randolph County Jail. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

1

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: During his transport from court to Randolph County Jail on March 29, 2019, Plaintiff was involved in an automobile accident. (Doc. 1, p. 8). The transport officer ran into a parked vehicle while exiting the courthouse garage. (*Id.*). Although Plaintiff's seatbelt restrained him during impact, the force injured his shoulder. (*Id.*). When he returned to the Jail, Plaintiff was given ibuprofen for pain and released to an inpatient rehabilitation facility three days later. (*Id.*). He has since been treated for the injury at White County Jail, where he received only Tylenol, and prison, where he received physical therapy and is scheduled for an MRI. (*Id.*). However, the injury is only getting worse. (*Id.*).

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate a single claim in the *pro se* Complaint:

> **Count 1:** Constitutional claim against Defendants for causing injury to Plaintiff's shoulder during transport from court to Randolph County Jail on March 29, 2019.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Section 1983 provides a cause of action to redress violations of federally secured rights by persons acting under color of state law. 42 U.S.C. § 1983. To state a claim pursuant to Section 1983, the plaintiff must allege a violation of rights secured by the Constitution and laws of the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Plaintiff cites no particular violation of his constitutional rights in the Complaint. The correct analytical framework for his claim depends on his status as an arrestee, pretrial detainee, or convicted person when his claim arose. The Fourth Amendment governs the period of confinement between arrest without a warrant and the probable cause determination and triggers an objectively reasonable standard for searches and seizures. *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). The Fourteenth Amendment Due Process Clause governs claims of pretrial detainees and prohibits all forms of punishment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims of convicted persons and prohibits punishment that is cruel and unusual. *Id.* Although it is unclear which of these standard applies, the allegations state no claim for relief against the defendants under any of them.

Constitutional claims generally arise in this context when an *unrestrained* inmate is injured during an accident that is intentionally or recklessly caused by an officer. *See, e.g., Edwards v. David*, 2017 WL 2653077, at *5 (N.D. Ill. 2017) (collecting cases) (Fourth Amendment claim allowed to proceed against officer who refused to seatbelt arrestee, drove recklessly through a construction zone, and caused bodily injury); *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008) (Eighth Amendment claim allowed to proceed against driver who refused to fasten convicted person's seatbelt, drove at an excessive speed, crossed double-yellow lines, and followed vehicles too closely). Plaintiff was using a seatbelt at the time of the accident, and he describes no intentional, reckless, or objectively unreasonable conduct on the part of the officer. He does not even mention the sheriff in connection with the incident. *See Collins v. Kibort*, 143 F.3d 331, 334

3

(7th Cir. 1998) (plaintiff cannot state a claim against a defendant by listing that person as a party to the action in the case caption). Accordingly, the Complaint fails to state a claim against either defendant and shall therefore be dismissed.

**Disposition**

**IT IS ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim for relief against Defendant**s SHANNON WOLFF** and **UNKNOWN OFFICER**. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 11, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list this case number (No. 20-cv-00149-JPG) on the first page. The **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and motion for recruitment of counsel.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

4

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/13/2020**　　　　　　　　　　　　　　　s/J. Phil Gilbert　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**