IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE HOLLIDAY, SR., ) <br> #11521-025, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHANNON WOLFF ) <br> and UNKNOWN OFFICER, ) <br> ) <br>       Defendants. ) | Case No. 20-cv-00149-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of the First Amended Complaint filed by Plaintiff George Holliday, Sr., on April 28, 2020. (Doc. 10). He brings this action for money damages against the Randolph County Sheriff (Shannon Wolff) and an unknown transport officer (John/Jane Doe) who caused him to sustain a shoulder injury during transport from court to Randolph County Jail on March 29, 2019. (*Id.*).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint:

1

> On March 29, 2019, [t]he sheriffs (sic) transport officer back[ed] into a parked car as we were exiting the sallyport. The officer knocked the ante[n]nae off the top of the vehicle[,] [s]o he was looking for the ante[n]nae on the ground instead of paying attention to where he was going and backed into a parked truck. The impact caus[ed] damage to my shoulder. I know I have to have surgery on my right shoulder.

(Doc. 10, p. 6).

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate a single claim in the *pro se* First Amended Complaint:

**Count 1:** Constitutional claim against Defendants for causing injury to Plaintiff's shoulder during transport on March 29, 2019.

**Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The First Amended Complaint fails to state any claim for relief under 42 U.S.C. § 1983. In order to state a claim, the plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Plaintiff refers to no violation of his constitutional rights or any other federal laws.

The proper analytical framework for this claim depends on Plaintiff's status as an arrestee, pretrial detainee, or convicted person at the time of his injury. The Fourth Amendment governs the period of confinement between arrest without a warrant and the probable cause determination and triggers an objectively reasonable standard. *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). The Fourteenth Amendment Due Process Clause governs claims of pretrial detainees and prohibits punishment.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  The Eighth Amendment governs claims of convicted persons and prohibits cruel and unusual punishment.  *Id.*  The allegations state no claim for relief under any of these standards.

Constitutional claims may arise when an unrestrained inmate is injured during an accident that is intentionally or recklessly caused by an officer.  *See, e.g., Edwards v. David*, 2017 WL 2653077, at *5 (N.D. Ill. 2017) (collecting cases) (Fourth Amendment claim allowed to proceed against officer who refused to seatbelt arrestee, drove recklessly through a construction zone, and caused bodily injury); *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008) (Eighth Amendment claim allowed to proceed against driver who refused to fasten convicted person's seatbelt, drove at an excessive speed, crossed double-yellow lines, and followed vehicles too closely).  However, in his original Complaint, Plaintiff alleged that he was wearing a seatbelt at the time of the accident. (Doc. 1, p. 8).  In the original Complaint and First Amended Complaint, Plaintiff describes no conduct on the part of the transport officer that was intentional or reckless.

Although the allegations may support a claim of negligence against the transport officer, negligence is not enough to bring a claim under Section 1983.  Plaintiff must demonstrate something more than negligence, or even gross negligence, to support a Section 1983 claim.  *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citation omitted).  Having failed to do so, the Section 1983 claim against the officer shall be dismissed with prejudice.

Because Plaintiff has, once again, omitted the sheriff from the allegations, it appears that the sheriff had no involvement in this matter.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (plaintiff cannot state a claim against a defendant by listing that person as a party to the action in the case caption).  Plaintiff also cannot proceed with a claim against the sheriff.

Accordingly, the First Amended Complaint fails to state any claim for relief against either defendant and shall be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 10), including **COUNT 1**, is **DISMISSED** with prejudice for failure to state a claim for relief against Defendant**s SHANNON WOLFF** and **UNKNOWN OFFICER**.  The pending Motion for Recruitment of Counsel (Doc. 11) is **DISMISSED** as **MOOT**.  This Order does not prevent Plaintiff from bringing a separate action in Illinois state court for negligence against the defendants.

Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred when the action was filed, thus the filing fee of $350.00 remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/30/2020**                              s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **United States District Judge**